FILED

2013 JUL 24 A 10: 42

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

))))))))))))))))))))))))))))))))
FARNAZ DARYAN
    8191 Strawberry Lane, Unit 420,
    Falls Church, VA 22042,

    **PLAINTIFF,**

v.

AVICENNA ACCOUNTING
AUTOMATION, INC.,
    8500 Leesburg Pike,
    Suite 207
    Vienna, VA 22182,

    Serve Registered Agent:
        Behraz Bahri,
        15426 Smithaven Place,
        Centreville, VA 20120,

and

BEHRAZ BAHRI,
    15426 Smithaven Place,
    Centreville, VA 20120,

    **DEFENDANTS.**

CIVIL ACTION NO. 1:13cv890
LO/TRJ

## COMPLAINT

COMES NOW, Farnaz Daryan ("Plaintiff"), by and through counsel, and files this Complaint against Avicenna Accounting Automation, Inc., ("Avicenna") and Behraz Bahri ("Bahri") (collectively "Defendants") on the following grounds:

## NATURE OF ACTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay minimum wage and overtime compensation for hours worked by Plaintiff.

2. Defendants engaged in a scheme of actual and constructive fraud in representing to Plaintiff that she would be paid for her work but denying compensation after she performed the work.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because both Defendants reside and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

5. Plaintiff Farnaz Daryan is a natural person residing at 8191 Strawberry Lane, Apartment 420, Falls Church, Virginia 22042. She was Defendants' employee from February 14, 2011 through October 1, 2012. Plaintiff has not been paid wages and overtime for hours worked.

6. Defendant Avicenna is a company incorporated under the laws of the Commonwealth of Virginia, with its principal place of business in Vienna, Virginia. The company operates as an accounting firm at which Plaintiff was employed.

7. Defendant Bahri is a natural person who owns, operates and manages Defendant Avicenna and resides at 15426 Smithaven Place, Centreville, Virginia 20120. Defendant Bahri has regularly conducted business activity in Fairfax County, Virginia.

## FACTS

8. At all times alleged herein, Plaintiff has never been indebted to Defendants.

9. At all times alleged herein, Defendant Avicenna was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce whose annual gross volume of sales or business done was not less than $500,000.

10. At all times alleged herein, both Defendants were an enterprise engaged in interstate commerce or the production of goods for interstate commerce.

11. Defendants engaged in interstate commerce by:

   a. Corresponding with individuals in other states via telephone;

   b. Sending and receiving mail to and from individuals in other states;

   c. Transacting business in interstate commerce; and

   d. Employing goods manufactured and distributed in other states.

12. Defendant Bahri owned and had operational control of Defendant Avicenna, including the work performed, environment and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation and contracting to provide services on behalf of Defendant Avicenna.

13. Defendant Bahri signs checks on behalf of Defendant Avicenna, including paychecks issued to Plaintiff.

14. For the purposes of the FLSA, Defendants jointly employed Plaintiff and Defendant Bahri was a person acting directly in the interest of Defendant Avicenna.

15. On or about February 1, 2011, Defendants hired Plaintiff as an Account Manager Coordinator and represented that she would be paid an hourly wage of $15.00.

16. Defendants initially hired Plaintiff through her corporate entity, Darland LLC, which Defendants incorrectly referred to as "Dorland." However, Defendants classified Plaintiff individually as an employee of Defendant Avicenna to the Internal Revenue Service, and maintained full control of Plaintiff's actions as an employee.

17. Defendants later incorrectly sought to classify Plaintiff as an independent contractor, even though Plaintiff's duties, supervision, or hours did not change.

18. On or about January 16, 2012, Defendants raised Plaintiff's hourly wage to $19.00 per hour.

19. Plaintiff performed her duties in accordance with Defendants' requirements.

20. Plaintiff frequently worked overtime during the months of January, February, March, and April, due to the tax season and the nature of Defendants' accounting business.

21. Defendants knew that Plaintiff worked overtime throughout tax season, but did not pay Plaintiff one and one-half times her purported rate of pay for any overtime hours worked.

22. Furthermore, Defendants did not pay Plaintiff for the regular or overtime hours worked from July 15, 2012 through August 17, 2012.

23. Defendants have willfully violated the FLSA by failing to pay Plaintiff overtime and for the hours worked from July 15, 2012 through August 17, 2012. Based on partial time records, the unpaid and overtime hours for this period are approximated below:

| Month | Unpaid Regular Hours Worked | Unpaid Overtime Hours Worked |
|---|---|---|
| February 2011 | 0.0 | 31.0 |
| March 2011 | 0.0 | 78.0 |
| April 2011 | 0.0 | 26.0 |
| January 2012 | 0.0 | 5.0 |
| February 2012 | 0.0 | 44.0 |
| March 2012 | 0.0 | 42.5 |
| April 2012 | 8.0 | 21.5 |
| July 2012 | 96.0 | 0.0 |
| August 2012 | 104.0 | 0.0 |

24. Upon information and belief, Defendants failed to inform Plaintiff of her rights under the FLSA and post a notice informing employees of those rights, as required by the Department of Labor.

25. Plaintiff has suffered emotionally and financially by being unable to pay monthly bills and being forced to deal with the stress of not being paid regularly.

## CLAIMS FOR RELIEF

### COUNT I
*Violation of the Fair Labor Standards Act*
*Minimum Wage Requirements*

26.     The preceding paragraphs are re-alleged herein.

27.     Defendants failed to pay Plaintiff minimum wage for approximately 208 hours that Defendants required or allowed Plaintiff to work.

28.     Defendants had actual or constructive knowledge of the hours Plaintiff worked and their failure to compensate her therefor.

29.     Defendants are in continuous violation of the FLSA by failing to compensate Plaintiff for the hours worked as required under § 206(a)(1).

30.     For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.  Under 29 U.S.C. § 216(b), Plaintiff is entitled to unpaid minimum wage for approximately 208 hours worked and additional equal amount as liquidated damages, attorneys' fees and expenses and costs.

31.     Plaintiff is due an amount of $25,000 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

32.     Plaintiff is due an amount of $25,000 for liquidated damages.

33.     Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $50,000.

34.     Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT II
*Violation of the Fair Labor Standards Act*
*Overtime Compensation Requirements*

35. The preceding paragraphs are re-alleged herein.

36. Defendants had actual or constructive knowledge of the overtime hours Plaintiff worked.

37. Defendants failed to compensate Plaintiff for overtime hours that Defendants regularly and willfully required or allowed Plaintiff to work.

38. Defendants willfully violated the FLSA by failing to pay Plaintiff one and one-half times her regular rate of pay for each workweek in which Plaintiff worked more than 40 hours.

39. For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages. Under 29 U.S.C. § 216(b), Plaintiff is entitled to unpaid overtime compensation and additional equal amount as liquidated damages, attorneys' fees and expenses and costs.

40. Plaintiff is due an amount of $25,000 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

41. Plaintiff is due an amount of $25,000 for liquidated damages.

42. Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $50,000.

43. Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT III
### *Actual Fraud*

44. The preceding paragraphs are re-alleged herein.

45. Defendants committed actual fraud under Virginia law in their scheme of refusing to pay Plaintiff for hours worked:

    a. At the time of Plaintiff's promotion on or about January 16, 2012, Defendants intentionally and knowingly falsely represented that they would pay Plaintiff for hours worked with the intention to mislead Plaintiff into working for them based on the misrepresentation;

    b. Defendants also falsely represented to Plaintiff that she would be classified as an employee of Defendant Avicenna,

    c. Plaintiff worked for Defendants in reliance on the misrepresentations; and

    d. Plaintiff's reliance on the misrepresentation damaged Plaintiff by her expending time, energy and effort to supply Defendants employee services.

46. Plaintiff was further damaged by not receiving payment for her time and work.

47. For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff compensatory and punitive damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT IV
### *Constructive Fraud*

48. The preceding paragraphs are re-alleged herein.

49. Defendants committed constructive fraud under Virginia law in their scheme of refusing to pay Plaintiff for hours worked:

    a. At the time of Plaintiff's promotion on or about January 16, 2012, Defendants innocently or negligently falsely represented that they would pay Plaintiff for hours worked with the intention to mislead Plaintiff into working for them based on the misrepresentation;

    b. Plaintiff worked for Defendants in reliance on the misrepresentation; and

    c. Plaintiff's reliance on the misrepresentation damaged Plaintiff by her expending time, energy and effort to supply Defendants employee services.

50. Plaintiff was further damaged by not receiving payment for her time and work.

51. For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff compensatory and punitive damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

Respectfully submitted,
FARNAZ DARYAN
By counsel

FIRSTPOINT LAW GROUP, P.C.

_/s/ Katherine Martell_

Katherine Martell, Esq.
VSB No. 77027
10615 Judicial Drive
Suite 101
Fairfax, VA 22030
Phone  (703) 385-6868
Fax     (703) 385-7009
kmartell@firstpointlaw.com
*Counsel for Plaintiff*

## CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I, Farnaz Daryan, authorize FirstPoint Law Group, P.C. to sue Avicenna Accounting Automation, Inc., and Behraz Bahri under the Fair Labor Standards Act to recover unpaid wages, overtime and other compensation, including liquidated damages, interests, costs and attorneys' fees. I ask that attorneys' fees and costs be awarded to FirstPoint Law Group, P.C. I authorize my counsel to compromise and settle any claim or take other appropriate actions in this lawsuit.

/s/ Farnaz Daryan
Farnaz Daryan
8191 Strawberry Lane, Apartment 420
Falls Church, VA 22042

7-16-13
Date